UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) | **FILED** October 4, 2006 |
| Plaintiff, | ) ) ) | **CLERK, U.S. DISTRICT COURT** |
| vs. | ) ) | |
| RESOURCE DEVELOPMENT INTERNATIONAL, LLC, DAVID EDWARDS, JAMES EDWARDS, JADE ASSET MANAGEMENT, LTD., SOUND FINANCIAL SERVICES, INC., INTERCOASTAL GROUP, LLC, INTERCOASTAL GROUP II, LLC, KEVIN LYNDS, GERALD J. STOCK, BLACKWOLF HOLDINGS, LLC, and WILLIAM WHELAN | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 3:02-CV-0605R $8.06CV(654$ |
| Defendants, | ) ) | |
| and | ) ) | |
| PACIFIC INTERNATIONAL LIMITED PARTNERSHIP, INTERNATIONAL EDUCATION RESEARCH CORPORATION, GALAXY ASSET MANAGEMENT, INC., and DAVID CLUFF, individually and d/b/a/ RIVERA TRUST 410 | ) ) ) ) ) ) | |
| Defendant Solely for Purposes of Equitable Relief. | ) ) ) ) ) ) ) | |

## ORDER REAPPOINTING TEMPORARY RECEIVER

On March 25, 2002, this Court entered its Order Appointing Temporary Receiver,

which named Lawrence J. Warfield as the Receiver of "Receivership Assets," as defined in

the Order Appointing Temporary Receiver.

The Receiver informed the Court that after the expiration of ten days from the date of issuance of the Order Appointing Temporary Receiver, the Receiver identified Receivership Assets in States in which copies of the Order Appointing Temporary Receiver were not filed of record pursuant to 28 U.S.C. Section 754. In order to allow the Receiver to obtain jurisdiction in these States, the Court hereby enters this Order Reappointing Temporary Receiver. The Court finds the entry of this Order Reappointing Temporary Receiver to be both necessary and appropriate in order to prevent waste and dissipation of the assets of the Defendants and Relief Defendants to the detriment of investors.

I.

**IT IS THEREFORE ORDERED:**

1.  This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of Defendants David Edwards ("D. Edwards"), James Edwards ("J. Edwards"), Resource Development International, LLC ("RDI"), Jade Asset Management, Ltd. ("Jade"), Sound Financial Services ("SFSI"), Intercoastal Group, LLC ("Intercoastal I"), and Intercoastal Group II, LLC ("Intercoastal II"), Kevin Lynds ("Lynds"), Gerald J. Stock ("Stock"), Blackwolf Holdings, LLC ("Blackwolf"), and William Whelan ("Whelan"), and Relief Defendants Pacific International Limited Partnership ("PILP"), International Education Research Corporation ("IERC"), Galaxy Asset Management, Inc., ("Galaxy") and David Cluff, Individually and d/b/a Rivera Trust 410 ("Cluff") (hereinafter, "Receivership Assets").

*Re: SEC v. Resource Development International, et al*
Order Reappointing Temporary Receiver
Page 2

2.    Lawrence J. Warfield located at 14555 North Scottsdale Road, Suite 340, Scottsdale, Arizona 85254 with the phone number of (480) 448-1711, facsimile number (480) 951-3887, is reappointed Receiver for the Receivership Assets. The Receiver has previously filed with the Clerk of this Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this Order. The Receiver is hereby authorized to take and have possession of the Receivership Assets and Receivership Records. Until further order of this Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records.

3.    All persons, including Defendants and Relief Defendant and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and specifically including any bank or other financial or depository institution holding accounts for or on behalf of Defendants and Relief Defendant, shall promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them and shall promptly surrender all books and records of any kind pertaining or belonging to Defendants and Relief Defendant ("Receivership Records").

4.    The Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or US Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or

control of, or to identify the location or existence of Receivership Assets or

Receivership Records, including without limitation, the following premises:

a.  Resource Development International, LLC (business)
    Sound Financial Services, Inc.
    International Education Services Corporation
    4301 S. Pine St., Suite 32
    Tacoma, WA 98409

b.  David Edwards (residence)
    6010 75th Ave. Ct. W
    University Place, WA 98467

c.  James Edwards (residence)
    1538 N. Juniper
    Tacoma, WA 98406

d.  William Whelan (residence)
    3647 S. Cindy Ct.
    Visalia, CA 93277

e.  William Whelan (business)
    Pacific Coast Investment Marketing
    1640 W. Mineral King Ave., Ste. 207
    Visalia, CA 93291

f.  Kevin Lynds (residence)
    2036 Peachtree Lane
    Wichita Falls, Texas 76308 (home address)

g.  Gerald J. Stock (residence)
    851 Summit St.
    Manitowoc, Wisconsin 54220

h.  Jade Asset Management, Ltd. (U.S. Address)
    4441 S. Meridian #282
    Puyallup, WA 98373

i.  Any automobile registered in the name of any Defendant or Relief
    Defendant, including the interior, trunks and other receptacles of
    such vehicles.

5.  All persons, including Defendants and Relief Defendants, and their officers,

agents, servants, employees, attorneys, and all persons in active concert or

participation with them, who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets shall be filed in this Court.

6. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Defendants Edwards, RDI, Jade, SFSI, Intercoastal I, Intercoastal II, Lynds, Stock, Blackwolf and Whelan, or Relief Defendants PILP, IERC, Galaxy and Cluff, any company or entity under the direction or control of any of these Defendants and Relief Defendants, to any Post Office box or other mail depository, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

7. The Receiver is hereby authorized to make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Assets. From and after the date of entry of this Order, the Receiver shall have the authority to conduct the business operations of Defendants and Relief

*Re: SEC v. Resource Development International, et al*
Order Reappointing Temporary Receiver
Page 5

Defendants and the entities they control, including the collection of rents or continuation and termination or any employment arrangement and the terms thereof. The Receiver shall have the authority to contact and negotiate with any creditors of Defendants Edwards, RDI, Jade, SFSI, Intercoastal I, Intercoastal II, Lynds, Stock, Blackwolf and Whelan, and Relief Defendant PILP, IERC, Galaxy, and Cluff for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Assets serve as collateral to secured creditors, the Receiver may surrender such assets to secured creditors, and shall have the authority to make such surrender conditional upon the waiver of any deficiency of collateral. Furthermore, the Receiver is authorized to renew, cancel, terminate, or otherwise adjust any pending lease agreements to which any of these Defendants and Relief Defendants are a party.

8. The Receiver previously filed with this Court and served upon the parties, a preliminary report setting out the identity, location and value of the Receivership Assets, and any liabilities pertaining thereto.

9. This Order does not prohibit the prosecution of any civil action or other proceeding against Defendants or Relief Defendants, including non-dischargeability proceedings and enforcement of any judgments obtained in such actions or proceedings, or effect the release of any claim asserted therein. However, to the extent judgment creditors or other claimants seek to prosecute an action or proceeding against the Defendants or Relief Defendants, or to satisfy a judgment or claim from Receivership Assets, they

will do so only with the prior permission of this Court or the United States Bankruptcy Court, and in accordance with an order of priority established by a plan of liquidation and distribution, or any automatic or other stay provided under the Bankruptcy Code.

10. The Receiver is hereby authorized to employ such employees, accountants, and attorneys as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets.

11. The Receiver is hereby authorized to receive and collect any and all sums of money due or owning to Defendants Edwards, RDI, Jade, SFSI, Intercoastal I, Intercoastal II, Lynds, Stock, Blackwolf and Whelan, and Relief Defendant PILP, IERC, Galaxy and Cluff, whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets.

12. The Receiver is hereby authorized to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Assets or proceeds therefrom, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation and maintenance of Receivership Assets.

13. The Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with

Case 3:02-cv-00605   Document 1315   Filed 10/04/2006   Page 8 of 9

respect to persons or entities who received assets or funds traceable to investor monies. All such actions shall be filed in this Court.

14.  Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset that attempts to interfere with the Receiver, his attorneys or agents in the performance of their duties. The Receiver is further authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute Receivership Assets.

15.  The Receiver shall keep the Commission apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide the Commission upon request any documents under the control of the Receiver.

16.  The Receiver shall seek and obtain the approval of this Court prior to disbursement of professional fees and expenses to himself or counsel, by presentation of a written application therefor and after consultation with the Commission. All costs incurred by the Receiver shall be paid from the Receivership Assets.

## II.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this

Court, with notice to the Commission and Defendants Edwards, RDI, Jade, Sound, Intercoastal I, Intercoastal II, Lynds, Stock, Blackwolf and Whelan, and Relief Defendants PILP, IERC, Galaxy and Cluff, for issuance of such other orders as may be necessary and appropriate in order to carry our the mandate of this Court.

### III.

IT IS FURTHER ORDERED that this Order will remain in effect until modified by further order of this Court.

Dated this 4th day of October 2006.

Hon. JERRY BUCHMEYER
UNITED STATES SR. DISTRICT JUDGE

*Re: SEC v. Resource Development International, et al*
Order Reappointing Temporary Receiver
Page 9